**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., | )<br>) No.CV: 07-358-PHX-SMM |
| Plaintiff, | )<br>) |
| v. | ) ORDER<br>) |
| Akshay Hotels, Inc., and Shahzad Haque, | )<br>) |
| Defendants. | )<br>) |

Pending before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendants (Doc. 15), filed pursuant to Rule 55(b)(2) of the Federal Rules fo Civil Procedure, and the Local Rules of this Court.

Upon entry of default, a district court may enter default judgment under certain circumstances, except against an infant or incompetent unless represented by a general guardian, committee, conservator, or other individual who has appeared before the Court. FED. R. CIV. P. 55(b)(2). The district court's decision to enter default judgment is discretionary, and it is within the court's power to decline to enter default judgment in favor of a party whose claims are meritless. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). When evaluating

whether or not to enter default judgment, a district court may also consider, among other things, the sufficiency of the complaint, *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), the sum at stake, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), and whether the default was due to excusable neglect, *Id.* at 1472.

On May 24, 2007, the Clerk of the Court entered the default of the Defendants. Despite this, the Court has yet to receive any type of responsive pleading from Defendants. The default established Defendants' liability on all nine counts in the Complaint.[1]

The Court finds that Best Western International, Inc., an Arizona nonprofit corporation has a meritorious claim, to the amount requested in its motion and supported by affidavit, and the default by Defendants was not apparently due to excusable neglect, as they had notice of the instant lawsuit. Therefore, default judgment against Defendants Akshay Hotels, Inc., and Shahzad Haque and in favor of Plaintiff Best Western International, Inc., is appropriate and will be entered accordingly.

Based upon Plaintiff's Motion For Default Judgment By the Court, and good cause appearing therefor,

**IT IS HEREBY ORDERED GRANTING** Plaintiff judgment against Defendants Akshay Hotels, Inc., a Florida corporation and Shahzad Haque, and each of them, as follows::

1. On Counts I and II of the Complaint in the amount of $20,872.06, plus interest thereon at the rate of 1.5% per month (pursuant to the Membership Agreement)

---

[1] Breach of contract (Count One), Payment Due and Owing on an Open Account (Count Two), Post-termination Use of Trademarks (Count Three), Federal Trademark Infringement (Lanham Act §32(1), 15 U.S.C. §1114(1)(Count Four), False Designation of Origin and Unfair Competition (Lanham Act §43(a), 15 U.S.C. §1125)(Count Five), Federal Trademark Dilution Under 15 U.S.C. § 1125(c)(Count Six), Unfair Competition under Arizona Law (Count Seven), Trademark Dilution Under A.R.S. § 44-1448.01 (Count Eight),Common Law Trademark Infringement (Count Nine).

1     from and after January 1, 2007;

2  2. On Count III of the Complaint in the amount of $233,629.20 (pursuant to the
3     Membership Agreement and affidavit) ;

4  3. On Counts V, VI, VII, VIII, and IX, X and XI, that Defendants and their officers,
5     agents, servants, employees and attorneys, and those persons in active concert or
6     participation with said corporation be enjoined from:

7     i.   using, displaying, advertising, authorizing, or licensing any other person
8          to use, display or advertise Plaintiff's "Best Western" trademarks and service
9          marks, or any portion thereof;

10    ii.  using, displaying, advertising, authorizing, or licensing any other person
11         to use, display or advertise Plaintiff's "Best Western" trademarks and service
12         marks or any simulation, reproduction, counterfeit, copy or colorable imitation
13         thereof in any manner likely to cause confusion, mistake or deception as to the
14         identity or source thereof;

15    iii. using, displaying, advertising, authorizing or licensing any other person
16         to use, display or advertise Plaintiff's "Best Western" trademarks or anything
17         consisting of or incorporating any one or more words or designs which contain
18         any part of any Best Western trademark or symbol;

19    iv.  committing any acts calculated to cause others to believe that defendant
20         is in any way connected to, associated with, or sponsored by the plaintiff;

21    v.   Otherwise engaging in any other activity or conduct using Plaintiff's "Best
22         Western" trademarks and service marks or any simulation, reproduction,
23         counterfeit, copy or colorable imitation thereof in any manner likely to cause
24         others to falsely believe that defendant is in any way connected to, associated

                with, or sponsored by the Plaintiff, Best Western International, Inc.

      d.      On all Counts of the Complaint, for Plaintiff's reasonable attorneys' fees and expenses incurred herein in the amount of $2,753.69.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiff Best Western International, Inc., an Arizona nonprofit corporation and terminate this action.

      DATED this 10th day of August, 2007.

_____
Stephen M. McNamee
United States District Judge